RECEIVED
NOV 1 0 2020
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES DISTRICT COURT
OF ALASKA

Debbie Dancer
_____
_____,
     Plaintiff(s),
v.

Seattle Hempfest

Also known as Seattle Events
_____,
     Defendant(s).

CASE NO. _____
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☐ Yes ☒ No

## I. THE PARTIES TO THIS COMPLAINT

A.  Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Debbie Dancer |
| Street Address | PO Box 554 |
| City and County | Willow |
| State and Zip Code | Alaska, 99688 |
| Telephone Number | 907-775-9568 |

COMPLAINT FOR A CIVIL CASE - 1

B.  Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | Seattle Hempfest, also known as Seattle Events |
| Job or Title *(if known)* | |
| Street Address | 3220 NE 125th Street |
| City and County | Seattle, King County |
| State and Zip Code | WA, 98125 |
| Telephone Number | 206-781-5734 |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 4

    Name    _____

    Job or Title *(if known)* _____

    Street Address    _____

    City and County    _____

    State and Zip Code    _____

    Telephone Number    _____

## II. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question    ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

_____

_____

B.  If the Basis for Jurisdiction Is Diversity of Citizenship

    1.  The Plaintiff(s)

        a.  If the plaintiff is an individual.

The plaintiff (*name*) <u>Debbie Dancer</u>, is a citizen of the State of (*name*) <u>Alaska</u>.

        b.  If the plaintiff is a corporation.

The plaintiff, (*name*) Click here to enter plaintiff's name., is incorporated under the laws of the State of (*name*) Click here to enter state, is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter state.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

    2.  The Defendant(s)

        a.  If the defendant is an individual.

The defendant, (*name*) Click here to enter defendant's name., is a citizen of the State of (*name*) Click here to enter state. Or is a citizen of (*foreign nation*) Click here to enter country.

        b.  If the defendant is a corporation.

The defendant, (*name*) <u>Seattle Hempfest, also known as Seattle Events</u> is incorporated under the laws of the State of (*name*) <u>Washington</u>, and has its principal place of business in the State of (*name*) <u>Washington</u>.

Or is incorporated under the laws of (*foreign nation*) Click here to enter country., and has its principal place of business in (*name*) Click here to enter location..

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

COMPLAINT FOR A CIVIL CASE - 4

3. The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

The amount requested in relief is $500,000 (five-hundred thousand dollars).

### III. STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

Please see attached pages labeled 7 through 9.

### IV. RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

Please see attached pages labeled 10.

### V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-9-2020

Signature of Plaintiff: *Debbie Dancer*

Printed Name of Plaintiff: Debbie Dancer

## III. STATEMENT OF CLAIM

Seattle Hempfest, who does business as Seattle Events, is a licensed Non-Profit Corporation. Through Seattle Hempfest/Seattle Events they provide an affiliated license to Alaska Hempfest. Alaska Hempfest is operated by Director/Music Director, Nordica Friedrich and Director, Niki Raapana.

Under Seattle Hempfest affiliated license, Nordica Friedrich and Niki Raapana used their licensed affiliated name and logo to defame, slander, and libel Plaintiff, Plaintiff's business, and Plaintiff's family members. Through social media platforms Seattle Hempfest's licensed affiliate posted several and continuing libel defamation of character and slander against Plaintiff and Plaintiff's business. This defamation has led to a loss in current and future income, current and future customers/clients, all future business for Honey Bee Hill, and any future business/businesses the Plaintiff would have the opportunity to establish.

Plaintiff originally reached out to Seattle Hempfest back in 2015 when affiliates first began their defamation of Plaintiff. The original 2015 complaint was to Vivian McPeak. Vivian McPeak responded to Plaintiff that this was a simple she said/she said situation.

In 2019 Seattle Hempfest licensed affiliates continued their defamation against Plaintiff through libel social media posts and slander.

July 2019 Screen shots of affiliates using Hempfest social media banners, posts, tilting themselves as Director of Alaska Hempfest, and Director/Music Director of Alaska Hempfest.

On 7/10/2019 Seattle Hempfest Affiliates posted on Facebook "Um also friendly reminder that in 2014 Debbie Dancer sexually abused my kids & tried to kill me - for anyone stoked on Honey Jam". Affiliate continued to comment on own post four additional times with criminal accusations, assisted suicide, pedophile, and sexual crimes of libel defemination against Plaintiff. Thirty-four Facebook "likes" were made on comments made on post.

7/11/2019 @ 5:54 pm Affiliate made a Facebook post with defamation of Plaintiff stating they stole from them, muddied their reputation, and tortured their children and themselves. This post was shared twice and had thirteen comments on the original post and 10 replies to other comments left on the original post.

7/11/2019 @ 7:46 pm Affiliate made a libel defamation statement on Plaintiff claiming child sexual abusers via Facebook post.

COMPLAINT FOR CIVIL CASE - 7

7/12/2019 Facebook post made by affiliates stated Plaintiff stole, tortured, drugged, physically tormented and verbally sexually abused her children. Through additional comments affiliates asked Facebook followers that Plaintiff "must be held accountable". Comments included "Let me know if you'd like to sneak behind her cafe with a can full of gas and hand full of matches!" Affiliates received twenty-eight comments and 1 share on this libel defamation post.

7/14/2019 Affiliate wrote a lengthy Facebook post listing "fact" about Plaintiff and other victims of affiliates. Post and comments from affiliates included more pedophilia and listing Plaintiff's current and previous businesses in Alaska with warnings that Plaintiff "poisoned them as well as potentially hundreds, thousands of other people over the years".

7/15/2019 Plaintiff received an Ex-parte Protective Order in Alaska against licensed affiliates.

7/20/2019 Affiliate made Facebook post. Post included "Informing the public of Debbie Dancer's crimes (for which she NEVER held accountable) is not stalking." This post included Alaska Court View records screen shot of Plaintiff's Ex-parte Protective Order granted by Judge. 25 comments were made on this post, 2 Shares. Comments from third-party include "Can you share what restaurant she owns, or PM me? I'm a frequent diner around town and rather not support that." Affiliate comments back with Plaintiff's past and present businesses. Affiliate comments about Plaintiff's business schedule of events, including listing names of Plaintiff's clients and the client's vendors. Affiliate post a picture of Plaintiff's DEC certified mobile food van.

7/21/2019 Affiliate's Facebook post "Unfriended like 30 ppl promoting Honey Jam/Debbie Dancer. Fuck off with your "wellness" if you support a THIEF & a CHILD ABUSER". 12 comments received on post. Comments left on post were received from current/past vendors of Plaintiff's business and property. Affiliates tagged on their Facebook post, Alaska Hempfest vendors who attended their current Alaska Hempfest, who are also clients of the Plaintiff.

October 2019 Facebook posts made by affiliates remained active.

9/9/2019 Plaintiff was granted a Long-term Protective Order against affiliates.

1/6/2020 Plaintiff sent a letter to Seattle Hempfest asking for them to help resolve affiliates actions against them.

1/7/2020 Vivian McPeak responded via email that Seattle Hempfest would provide a response after the Board of Directors reviews.

COMPLAINT FOR CIVIL CASE - 8

February 2020, Plaintiff responded to Vivian McPeak's email dated 1/7/2020 to check the status of response after the Board of Directors reviews. No response was received.

2/19/2020 Judge granted Plaintiff modified Protective Order. Judge's Other Findings included "started up again in the summer of July 2019 when Respondent repeatedly posted that Petitioner "sexually abused" Respondent's children and "tried to kill" Respondent. Respondents posted lengthy screeds on a least July 10, July 11th, July 12th, July 14th. Respondent posted the names of Petitioner's Facebook account and therefore directed her contacts at Petitioner and her customers. One person responded to Respondent's posts stating: "This is craziness. "Thank you for sharing...Let me know if you like to sneak behind her cafe with a can full of gas and a handful of matches! *winks" Other people responded to Respondent's postings indicating they believed Respondent's postings and were very upset that "this s*** is allowed to happen." Other findings "The nature of the repeated posts which identified Petitioner and her daughter by name and identified her businesses by name accusing Petitioner of outrageous crimes would lead a reasonable person to be in fear of her safety and the safety of her family.

2/24/2020 Demand letter was sent to Seattle Hempfest to resolve before a suit is filed. No response was received.

9/8/2020 Plaintiff sent final demand letter to Seattle Hempfest.

As of October 2020, Affiliate continues to have several libel Facebook posts about Plaintiff remaining active.

As of November 2020, Affiliates continues to have several libel Facebook posts about Plaintiff remaining active.

## IV. RELIEF

Plaintiff is asking the court to order $250,000 (two hundred fifty thousand dollars) for actual damages. This is based on the following; the ruined life reputation of the plaintiff due to the statements made with malice intent. Accusations of criminal activities such as pedophilia and sexual abuse of children, poisoning of own customers, assisted suicide, and theft. The fear for Plaintiff's life after social media comments left threatening to burn business and property down, as well as hit plaintiff with pipe on crown. The plaintiff is also asking this due to the shame, mortification, as well as pain and suffering endured.

Plaintiff is asking the court to order $250,000 (two hundred fifty thousand dollars) for general damages. The general damages are based on the loss of current and future business opportunities. At the time of defamation businesses that were currently licensed and affected under plaintiff included Honey Bee Hill and DEC permit for mobile food vending. Honey Bee Hill lost rental property income due to event planners and vendors not booking property for events. Plaintiffs revenue from these losses over the next 20 years of life expectancy loss would equal $400,000, calculated by $20,000 revenue multiplied by 20 years of life.

Plaintiff is asking the court to order punitive damages in the amount deemed fit per Judge and court.

COMPLAINT FOR CIVIL CASE - 10